UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
v. :
RICHARD VANENBURG :

CA 06-463ML

No. 05-00121-01ML

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

**MOTION**

1. Name and location of court that entered judgment of conviction you are challenging:
**Rhode Island District Court**
**One Exchange Terrace**
**Providence, RI 02903**

2. (a) Date of the judgment of conviction: **September 7, 2006**
(b) Date of sentencing: **September 7, 2006**

3. Length of sentence: **15 years**

4. Nature of crime(all counts):
**Count 1: Controlled Substance 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B).**
**Count 2: Possession of two firearms 18 U.S.C. § 924(c)(1)(a).**
**Count 3: Possession of firearm by a felon 18 U.S.C. § 922(g)(1).**

5. What was your plea? **GUILTY**

6. Did you appeal from the judgment of conviction? **NO**

7. Have you previously filed any other motions,petitions, or applications concerning this judgment of conviction in any court? **NO**

8.For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**Ground One: Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.**

**Supporting FACTS:**
**Never supplied with copy of pre-plea agreement or any agreement.**

**Never was supplied full discovery.**
**Never was disclosed any video evidence against me.**
**Did not have understanding of the law in relation to the facts, therefore I did not understand all of the elements of the charges.**

**Ground Two: Conviction obtained by use of a coerced confession.**

**Supporting FACTS:**
**Attorney told me he would fight Governments 851 enhancement.**
**Attorney pressured me into signing an agreement I knew nothing about. I had no previous pre-plea agreement to have the time to review.**
**Government told me had I not signed that agreement in court that I would be facing 27 years in prison. With out reading hesitantly I signed the agreement.**
**Had I known I was waiving my right to an appeal, I would have not signed the agreement.**
**Both my Attorney and the Government coerced me into this agreement by saying there were no other options other than this agreement, not knowing any relation to law and facts of the agreement, I hesitantly signed.**

**Ground Three: Denial of Effective Assistance of Counsel.**

**Supporting FACTS:**
**Attorney informed me he would fight the Government's 851 enhancement and failed to do so.**
**Attorney never supplied pre-plea agreement or any agreement.**
**Attorney never supplied full discovery.**
**Attorney never fully investigated drug quanitys.**
**Attorney never investigated phone taps or records to show entrapment.**
**Attorney never reviewed any video or audio evidence the Government had against me.**
**Attorney never put time into researching presedent case law pertaining to the Government's 924(c) charge.**
**Attorney never put in adequate time and effort into my case, had he done so the outcome of the case would have been different.**

9. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? **NO**

10. Give name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

**Arraignment and plea: Edward C. Roy**
**Sentencing: Edward C. Roy**

11. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? **YES**

12. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? **NO**

Therefore, movant asks that the Court grant the following relief:
**Sentence Vacated**
**Appeal Granted**
**and to have adequate counsel and time to research case on appeal**
**or any other relief to which movant may be entitled.**

United States District Court
District of Rhode Island

United States of America :
:
: No. 05-00121-01ML
:
V. :
:
:
Richard Vanenburg :

MEMORANDUM IN SUPPORT OF DEFENDANT'S § 2255 MOTION

GROUND ONE:

CONVICTION OBTAINED BY PLEA OF GUILTY WHICH WAS UNLAWFULLY INDUCED OR NOT MADE VOLUNTARILY WITH UNDERSTANDING OF THE NATURE OF THE CHARGE AND THE CONSEQUENCES OF THE PLEA:

"In order to be constitutionally valid a guilty plea must be voluntary and intelligent." Bousley V. United States 523 US 614,618.

"A plea does not qualify as intelligent unless a criminal defendant first receives a real notice of the true nature of the charge against him, the first and most universally recognized requirment of due process." Smith V. O'Grady 312 US 329,334.

* The defendant never recieved full discovery package from counsel.
* The defendant never had understanding of charges against him.

"Furthermore, because a guilty plea is an admission of all the elements of a formal criminal charge it cannot be truly voluntary unless the defendant possess and understanding of the law in relation to the facts." McCarthy V. United States 394 US 459,466.

* Defendant was never explained any law in relation to the facts by counsel.
* Defendant did not have understanding of the real nature of the charges against him.

"This additional requirment protects a defendant who is in the position of pleading voluntary with an understanding of the nature of the charge but without realizing that this conduct does not actually fall within the charge."

* Defendant was overcharged in indictment.
* Attorney never investigated 924 (c) charge.

GROUND TWO:

Conviction obtained by use of a coerced confession:

* Attorney told me he would fight the Government's 851 enhancement to enter into a guilty plea and my time would be less than 10 years.

* Attorney pressured me into signing an agreement he knew nothing about and I knew nothing about. I never had time to take the agreement into consideration and what I was getting my self into.

* Attorney informed me I would be able to appeal my case, later I found out this was a lie.

* Government intimidated me into signing plea agreement or they would take me to trial and I would face 27 years in prison.

* Attorney and Government intimidated me and coerced me into this agreement by telling me I had no other options, not knowing any better I signed the agreement.

* Defendant would not have signed agreement had he known he was waving his right to appeal.

"That the deficient representation prejudiced the defense so much that the results of the proceeding would have been different." Strickland V. Washington: 466 US 688.

"The elements of the charge were never explained to the defendant, an error on counsel's part, which would have changed the outcome of the proceeding." United States V. Samples 897 F.2d 193, 196.

GROUND THREE:

DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL:

* Attorney informed me he would fight Government's 851 enhancement and failed to do so.
* Attorney never supplied any pre-plea agreements or documents that would help me understand my charges and why I would be facing what I was. He informed me I would get less than 10 years.

* Attorney failed to supply me with full discovery and any video evidence against me.
* Attorney never fully investigated drug quanity's as I requested.
* Attorney never investigated phone taps or records to show the entrapment, as I requested.

* Attorney never put in adequate time and effort into my case, had he done so the outcome of the case would have been different.
* Attorney also informed me I could appeal my case.

"Counsel's performance was deficient in that it fell below an objective standard of reasonable professional service. That the deficient representation prejudiced the defense so much that the results of the proceeding would have been different. "Strickland V. Washington 466 US 688.

The elements of the charge were never explained to the defendant, an error on counsel's part, which would have changed the outcome of the proceeding. "In the context of a guilty plea case, the second element requires that the petitioner prove that but for his counsel's errors, he would have not pled guilty and would have insisted on trial." United States V. Samples 897 F.2d 193,196 (5th.Cir.1990)

* Attorney never supplied full discovery package.
* Attorney never supplied video evidence.
* Attorney misled me into thinking I could appeal my case.

"Failure to give defendant written notice of charges violated due process, requiring reversal." United States V. Cartwright 696 F.2d 344,349-350 (5th.Cir.1983)

Counsel never put adequate time and research into my case. Counsel never visited me often to inform me on law and my charges, he informed me he would fight the 851 enhancement and I would get less than 10 years. He coerced me into signing an agreement. Had I known what I know now, I would never have signed any agreement.

The defendant prays that this Honorable Court vacate his sentence and allow him an appeal, that he is rightfully entitled to.

Respectfully Submitted,

Richard Vanenburg

I declare under penalty of perjury that the foregoing is true and correct and that this Motion Under **28 U.S.C. §2255** was placed in this prison mailing system on October 10, 2006.

R. Vanenburg

**Richard Vanenburg**

**Notarized:**

exp 9/27/08 10/10/06