IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD VANENBURG | ) | |
| | ) | |
| vs. | ) | C.A. NO.06-463ML |
| | ) | |
| UNITED STATES | ) | |

GOVERNMENT'S RESPONSE TO PETITION UNDER
28 U.S.C. § 2255 FOR WRIT OF HABEAS CORPUS

Now comes the United States of America, by its Attorneys, Robert Clark Corrente, United States Attorney, and Stephanie S. Browne, Assistant U.S. Attorney, and hereby responds to Petitioner's Petition Under 28 U.S.C. § 2255 for Writ of Habeas Corpus by a Person in Federal Custody.

INTRODUCTION

Petitioner Richard Vanenburg (Vanenburg) files this motion pursuant to 28 U.S.C. § 2255. He presents three grounds for his Petition:

> Ground One: Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
>
> Ground Two: Conviction obtained by use of a coerced confession.
>
> Ground Three: Denial of Effective Assistance of Counsel.

For each of these grounds, Petitioner lists a number of items he captions "supporting facts" although most, if not all, of them are conclusions rather than facts. The Petition is support by neither the facts nor the law. A fair reading of the Petition in its entirety indicates that Vanenburg's claims can be summarized as 1) his plea was not knowing and voluntary; and 2)

ineffective assistance of counsel. The "facts" claimed in support of what he has labeled a "Ground Two" appear to fall within either of those two categories. The United States, therefore, requests that the Petition be denied and dismissed.

FACTS AND TRAVEL

On October 19, 2005, the grand jury returned an indictment which charged Vanenburg with distribution of over 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); possession of two firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and possession of two firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Petitioner signed the original plea agreement on December 30, 2005. That agreement was filed with the Court on January 3, 2006. Shortly thereafter, the undersigned realized that the plea agreement signed by the parties and filed with the Court did not contain any promises by the government with regard to a potential § 5K1.1 motion. As such a provision had been the intent of the parties, the government prepared an Amended Plea Agreement.

On January 5, 2006, Petitioner signed the Amended Plea Agreement prior to the hearing during which he entered his change of plea. With the exception of the addition of paragraph 2e, which contained the promises made by the government vis a vis a potential motion pursuant to § 5K1.1, the Amended Plea Agreement mirrored the plea agreement signed by Petitioner on December 30, 2005 in all respects.

Under the terms of that plea agreement, Petitioner agreed to plead to the indictment. He agreed that the total net weight of the cocaine base in the form of crack cocaine involved in Count I of the Indictment was at least 5 grams and that he possessed two firearms in furtherance

of the drug trafficking offense listed in Count I. Vanenburg agreed that he would not seek to vacate any prior criminal convictions, including, but not limited to, his conviction for sale of a hallucinogen/narcotic (Connecticut docket no. CR99-0253966-T) or the conviction for the possession of narcotics (Connecticut docket no. CR91-0202291-S); except that he was free to pose a challenge on constitutional grounds only as to the conviction for sale of a hallucinogen/narcotic (Connecticut docket no. CR99-0253966-T). Vanenburg further agreed to forfeit all interests in certain assets to include: $2,600 and a 2000 Pontiac Bonneville automobile. Lastly, Vanenburg agreed to waive his right to appeal if the sentence imposed by the Court was within or below the guideline range.

In return, the government agreed to recommend the middle point of the applicable guideline range or the statutory mandatory minimum, whichever was greater, and to recommend a 3 level reduction for acceptance of responsibility. However, if the defendant sought a downward departure under the guidelines or advocated for a sentence below the guideline range, the government was free to recommend any term within the applicable guideline range.

As part of the Rule 11 plea colloquy, the government recited those facts it would have proven had the case gone to trial. Petitioner, after consultation with his counsel, interposed no objections to the facts at the time of his change of plea. Likewise, he did not contest the prosecution version in the Presentence Report (PSR).

ARGUMENT

PETITIONER IS NOT ENTITLED TO A HEARING

Section 2255 provides that the Court should hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4

of the rules governing § 2255 proceedings for the United States District Courts provides in pertinent part that if "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief" in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. The burden is on the Petitioner to provide by a preponderance of the evidence that he is entitled to a hearing. Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1998). In considering a motion under § 2255, the district court should accept the Petitioner's allegations as true "except to the extent they are contradicted by the record, inherently incredible, or conclusions rather than facts." United States v. Mosquera, 845 F.2d 1122, 1124 (1st Cir. 1988).

The First Circuit has stated that no hearing is required where the § 2255 motion: "(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan, 494 F.2d 1220, 1222, (1st Cir. 1974); United States v. Carbone, 880 F.2d 1500, 1502 (1st Cir.), cert. denied, 493 U.S. 1078 (1990). Moreover, the First Circuit has also held that "no hearing is required where the district judge is thoroughly familiar with the case." Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988); Panzardi-Alvarez v. United States, 879 F.2d 975 n.8 (1st Cir. 1989). A district judge's personal observation and recollection of the events at trial may supplement the record. Gregory v. United States, 585 F.2d 548, 550 n.1 (1st Cir. 1978); United States v. DiCarlo, 575 F.2d 952, 954-955 (1st Cir. 1978).

In the instant case, no evidentiary hearing is required because all of Vanenburgs's claims can be resolved by reference to the record, and where the record does not exist, by relying on the knowledge and memory of the Court. Gregory, 585 F.2d 548, 550 n.1; DiCarlo, 575 F.2d 952,

954-955. Portions of the record necessary to decide this motion include (1) a copy of the plea agreement (exhibit 1); (2) a copy of the amended plea agreement (exhibit 2); and (3) the transcript of the plea hearing (exhibit 3).

PETITIONER'S PLEA WAS KNOWING, VOLUNTARY AND COMPORTED WITH THE REQUIREMENTS OF RULE 11

Claims alleging a lack of a knowing and voluntary plea require the court to determine whether the terms of Rule 11, Fed.R.Crim.P., have been met. Although Petitioner does not seek withdrawal of his guilty plea, he does contend his plea was not knowing and voluntary. Thus, this court should undertake the same sort of analysis to determine whether the plea was knowing and voluntary.

"'We have identified three 'core concerns' of Rule 11: 1) absence of coercion; 2) the defendant's understanding of the charges; and 3) the defendant's knowledge of the consequences of the guilty plea.' Gray, 63 F.3d at 60; see Cotal-Crespo, 47 F.3d at 4. Failure to address one of these concerns requires that the guilty plea be set aside. Gray, 63 F.3d at 60." United States v. Isom, 85 F.3d 831, 835 (1st Cir. 1996). "What is critical is the substance of what was communicated by the trial court, and what should reasonably have been understood by the defendant." United States v. Cota-Crespo, 47 F.3d 1, 4-5 (1st Cir.), cert. denied, 516 U.S. 827 (1995). As in the Isom case, the Petitioner can not show any failure of the Court to address each and every "core concern" as detailed by the First Circuit.

The hearing began with the Court's recitation of the charges and Petitioner's agreement that he understood that he was present that day to enter a plea of guilty to each charge. Tr. at 2.[1]

[1]All references to the change of plea hearing held on January 4, 2006 shall be in the form "Tr. at page."

Vanenburg confirmed that he had a high school diploma, had no difficulty reading English, had not been treated recently for any mental illness or addictions, and was not then under the influence of any drug or medication. Tr. at 4-5.

The Court confirmed that Petitioner had received a copy of the indictment, had discussed the charges with his counsel and that Vanenburg was satisfied with the advice he had received from his defense counsel. Tr. at 5. Vanenburg admitted that he had read the original plea agreement before signing it, although he stated he had not read the amended agreement prior to signing it. Tr. at 6-7. The Court explained the addition of paragraph 2e to Vanenburg. Petitioner stated "If that's the only difference, I'm all set." He reiterated this by stating "If that's the only difference, I read the other one, so I'm all set." Tr. at 8-9.

As is its custom, the Court reviewed the plea agreement with Petitioner paragraph by paragraph to ensure that each material provision was understood and agreed to by him. Tr. at 10-31. During that review, Petitioner was permitted to and did ask questions of the Court and his counsel.

Specifically, the Court covered the provisions of the agreement which concerned the charges to which Petitioner would plead guilty; that he agreed he had certain prior felony drug convictions; and the limitations on his ability to seek to vacate those convictions. The Court conducted a lengthy colloquy with Vanenburg over his ability to seek to vacate his two prior felony drug convictions and that even if he were successful as to one, the enhancement under § 851 would still apply because he had more than one predicate conviction. Tr. at 12-19. Vanenburg took the opportunity during this exchange to discuss the § 851 issue, as well as others, with his counsel. After those discussions, Vanenburg told the Court he wished to proceed

with his plea of guilty. Tr. at 16-17.

This Court, as is its custom, specifically reviewed the paragraph of the plea agreement which contained Petitioner's waiver of appeal.

The Court: Now, Mr. Vanenburg, I want you to skip ahead to paragraph 13. It's on page 9. Do you have it?

The Defendant: Yes.

The Court: This is a very important provision of your plea agreement. In that paragraph you say that you understand that you may have a right to file an appeal from any sentence I impose in this case.
However, in this paragraph you have agreed to give up your right to take an appeal if the sentence I impose is within the guideline range that I find is applicable in this case or a sentence that is lower than the bottom of that guideline range. Do you understand that?

The Defendant: Yes.

The Court: So if you end up with a sentence that's within the range or below it and you're not happy with it, you can't go and complain to the Court of Appeals. Do you understand that?

The Defendant: Yes.

______Beginning at page 42 of the transcript, the Court asked Petitioner whether the facts as recited by the government were accurate. Although Petitioner initially quibbled with some of the facts recited, Vanenburg admitted he bought the firearms from ATF and that he exchanged drugs for them. After consulting with his counsel, Vanenburg stated "That's what happened, Your Honor." The Court advised Petitioner that it wanted to be certain that he agreed to "what we call the essential elements of the offense." Tr. at 43. He was asked if he exchanged crack for two guns and whether he had previously been convicted of a felony. Vanenburg agreed that those things were true and that he had no questions about them. Id.

Lastly, the Court asked Petitioner if he wished to speak to his counsel. Vanenburg indicated that while he had come into the hearing with questions, he now understood: "I just want to state on record, like, in the future, that I wish for any other Defendant coming to your court that the lawyer will explain this whole process prior. This is all - - all this stuff is - - I didn't know, but now I understand and I agree to everything." When asked how he pled to each of the charges, he responded, "Guilty."

It is clear on the record that not only did the Court address the core concerns of Rule 11, it took pains to make certain Petitioner understood the terms of his plea agreement and that he wished to plead guilty.

PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL ARGUMENT FAILS TO SUSTAIN A COGNIZABLE CLAIM

The Supreme Court has established a two part test to evaluate ineffective assistance claims. Strickland v. Washington, 446 U.S. 668, 667 (1984); Lema v. United States, 987 F.2d 48, 52 (1st Cir. 1993). A party advancing such a claim has the heavy burden of proving: 1) that his attorney's performance fell below an objective standard of reasonable effectiveness, and 2) that he was prejudiced as a result of his attorney's deficient performance. Id. To meet this burden, the Petitioner must establish that a counsel's performance was not within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233, 238 (1st Cir.), cert. denied, 513 U.S. 1003 (1994). In determining whether counsel's performance fell below the relevant benchmark, "[j]udicial scrutiny of counsel's performance must be highly differential", and "every effort [should] be made to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome

the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (other citations and internal quotations omitted).

Here the record clearly refutes Vanenburg's claims. More specifically, the United States maintains that Vanenburg was capably represented in the trial court by Mr. Roy. Petitioner had an experienced, prominent, and well respected attorney who did everything he could to effectively represent Vanenburg. Vanenburg's vague and unsupported complaints about the abilities of his attorney fail to establish prejudice and do not justify relief under § 2255.

At the plea hearing on January 4, 2006, Vanenburg, while under oath, informed the court that there were no other promises other than those written in the plea agreement. He was told in no uncertain terms by the court that (1) the court was not a party to the agreement, (2) that the court was not required to accept the government's recommendations, (3) that the court will make an independent decision as to sentence after it has reviewed the PSR and all relevant facts, (4) that no one could tell with certainty what guideline range would apply, (5) that the court could sentence Vanenburg to any sentence up to and including the statutory maximum of life in prison. Tr. at 20-29.

Vanenburg was advised and agreed that he understood that by pleading guilty he was relieving the government of the burden of proving its case beyond a reasonable doubt. The court had Vanenburg listen to the facts the government would prove if the case had gone to trial. Vanenburg agreed, under oath, that those facts were true. Tr. at 34-44.

At no time has Petitioner claimed factual innocence - not at the time of his guilty plea, not at the sentencing and not in his petition. His claims of failings by his defense counsel are nonspecific and belied by the record. For example, in his petition, Vanenburg claims that had he

but known he was giving up his right to appeal, he never would have pled guilty. Yet the record is clear that this Court went over that provision of the plea agreement with him in painstaking detail. Just as his claim on that point is demonstrably false, none of his claims has any support in fact. Vanenburg's claims are not credible as demonstrated by the record. He does not profess actual innocence. He has failed to demonstrate either that his counsel's performance was substandard under Strickland or that he was prejudiced thereby.

Conclusion

For those reasons set forth herein, the petition should be denied and Judgment entered for the United States.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephanie S. Browne

STEPHANIE S. BROWNE
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401-709-5000
401-709-5001 (fax)
stephanie.browne@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2006, I caused the with Government's response to Petitioner's Petition Under 28 U.S.C. § 2255 for Writ of Habeas Corpus by a Person in Federal Custody to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF System. The following participant has received notice via ordinary mail and postage prepaid, to:

#05619-070
Richard Vanenburg
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

/s/ Stephanie S. Browne

STEPHANIE S. BROWNE
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401-709-5000
401-709-5001 (fax)
stephanie.browne@usdoj.gov