IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD VANENBURG )
PETITIONER ) C.A. No. 06-463 ML
v )
)
UNITED STATES OF AMERICA )
Respondent )

PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE TO PETITION UNDER 28 U.S.C. § 2255 FOR WRIT OF HABEAS CORPUS

Petitioner filed its Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on October 10, 2006.

Thereafter, the Government filed its Response to said Petition on or about December 28, 2006.

Now comes Petitioner, Pro-Se, and hereby replies to the Governments' Response.

INTRODUCTION:

Ground One of Petitioner Richard Vanenburg (hereinafter "Petitioner") states that Petitioner's conviction was obtained by a guilty plea, which was not made knowingly or voluntarily.

For purposes of this Reply, Petitioner will first address the Government's analysis and arguments surrounding this initial

ground, and then address grounds two and three of the original motion and the Governments' position in general.

ARGUMENT:

In the instant case, despite the Governments' opinion to the contrary, the Petitioner is entitled to a hearing on his § 2255 Motion, when such hearing is necessary to determine issues of factual dispute which cannot be determined from an examination of the Motion on its face or conclusively from the files or record of the case. United States v. Mosquera, 845 F.2d 1122 (1st Cir. 1988)

Moreover, it has been held by the First Circuit that in determining whether there has been a violation of one of the core concerns of Rule 11 of Fed. Rules of Crim. P., the Court will review the "totality of the circumstances" surrounding the Rule 11 hearing at which the defendant pled guilty. U.S. v Gray, 63 F.3d 57 at 60 (1st Cir. 1995). see also: U.S. v Cotal-Crespo, 47 F.3d 1 (1st Cir. 1995).

Referencing the transcript of the January 4, 2006 Plea Hearing (hereinafter all references stated as "TR. at page") opening discussion at page 6 the Petitioner is asked by the Court: "Before you signed that [Plea Agreement] did you read this plea agreement?" Petitioner responds: "No".

Following, the Court at TR. page 11 asks Petitioner whether he understands what he is pleading to regarding previous

State convictions and the use of these convictions in his sentencing under federal law. The Court asks: "Do you understand that?" Petitioner responds: "Can I ask my lawyer something?"

Petitioner, after a brief discussion with his attorney again on the same page. T.R page 11 only minutes later responds: "I still don't understand this part of the agreement"

Petitioner at TR page 13 again referencing the issue of the prior state convictions and their use as enhancements states "I read it and understand it; but the problem I have with that is the 1991 conviction"... The Court replies: "But you've agreed you're not going to do anything about that one."

Petitioner responds "My lawyer keeps telling me I can't still. He still tells me that he can still challange it." The Court: "No, you can't, not the 1991". The Petitioner: "That is what I kept asking him... he's still going to challenge..."

Finally in this exchange the Court indicates at T.R. page 14 "If the Government were to file the 851 charging two priors, you would be looking at a mandatory life term... Is this the case or am I mixing it up with another one?" Ms Browne of the Government replies: "I think that's a different case, your Honor". The Court: "That's a different case. I'm sorry. Forget that."

The Petitioner at the conclusion of this clearly confusing exchange. states to his attorney at TR. page 15

"You didn't tell me that Roy."

At this point in the hearing, Petitioner's attorney, if not the Court itself, should have suspended the proceedings until the Petitioner and his attorney had ample opportunity to thoroughly review the plea agreement and insure that the Petitioner understood, clearly, all of the ramifications of accepting not to challenge his prior State convictions.

The Government in their Response at page 6 quote the transcript portion indicating the Petitioner's claim to the Court at Tr. page 8-9 that "I'm all set" as evidence of Petitioner's entering his plea knowingly and voluntarily. This is simply shameful manipulation of the Petitioner's words and the totality of the transcript by merely taking quotes out of context.

The plain language of Rule 11 states that "the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the matters enumerated in Rule 11. Fed. R. Crim. P. 11(c).

An examination of the Transcript of the Plea Hearing on January 4, 2006 demonstrates time and time again that it is replete with statements evidencing Petitioner's lack of understanding and valid confusion over what he had previously been advised by his attorney and what the Court is advising him at this hearing.

Nothing could be further from the truth than the Government's argument that the § 2255 Motion of the

Petitioner can be decided without a hearing and merely by reference to the record when, as demonstrated earlier by reference to the exchange between the Petitioner and the Court concerning the 851 enhancement and his prior state convictions, that not only the Petitioner, but even the Court itself at times seemed totally confused.

The Government's arguments to the Court to deny Petitioner even a hearing of his Motion before deciding upon it, are somewhat misleading.

A close examination of the cases cited: Myatt v. U.S, 875 F.2d. 8 (1st Cir 1989), United States v Mosquera, 845 F.2d 1122 (1st Cir 1988), United States v DiCarlo, 575 F.2d 955 (1st Cir 1978) are all factually distinguishable from the instant case; but even more to the point, stand for a distinguishable statement of law than indicated by the Government.

In order to dismiss a § 2255 Motion without a hearing, the First Circuit's law on the subject states that the Motion must be "conclusively refuted as to the alleged facts by the files and records of the case" Moran v. Hogan, 494 F.2d 1220 (1st Cir 1974).

Rule 4 (b) of the Rules Governing Proceedings in U.S. District Courts under 28 USC § 2255 states that a hearing need not be held but only if after an examination of the record, transcript and other relevant papers it "plainly appears" that the movant is not entitled to relief..." (emphasis added")

Mere reliance upon a written document is not a sufficient substitute for personal examination by the Court in ascertaining that Rule 11 core concerns are addressed. U.S. v. Medina-Silverio, 30 F.3d 1 at 3 (1st Cir. 1994)

In the case at bar, even a cursory examination of the transcript and record of the case, evidence the Petitioner's hesitancy doubt, misunderstanding and prior reliance upon misstatements by his counsel.

The Petitioner agrees with the Government that his claims can be resolved by reference to the record, but disagrees with the Government's "selective" reference. Rather, Petitioner maintains that a careful reading of the "whole" record, will support his position that his plea was not knowing or voluntary.

The Supreme Court perhaps stated it best in McCarthy v U.S. 394 U.S. 459, 89 S. Ct. 1166, 22 L. Ed 2 418 (1969) when it held that "it is not too much to require that, before sentencing defendants to years of imprisonment, district court judges take a few minutes necessary to inform them of their rights and to determine whether they understand the actions they are taking."

In the present case, reviewing the Plea Hearing on January 4, 2006 in its totality, is it possible to state, unequivocally that the Petitioner understood fully the actions he was taking and just as importantly, the ramification of those actions?

Petitioner maintains that it

is not, and requests that the Court hold a hearing in order to determine the facts of his allegations by examining those allegations against the complete record of his case.

Once again, the Supreme Court in McCarthy further stresses the importance of the district judges interrogation of the defendant at the plea hearing:

"To the extent that the district judge thus exposes the defendant's state of mind on the record through personal interrogation, he not only facilitates his own determination of a guilty plea's voluntariness, but he also facilitates that determination in any subsequent post-conviction proceeding based upon a claim that the plea was involuntary."

In the present case, Petitioner believes that the Court's personal interogation of him should have exposed to the Court his then "state of mind" that he was confused by what he had been previously advised by his attorney; specifically, that if he did execute the plea agreement, he could still appeal his prior State convictions.

Compliance with the spirit and intent of Rule 11 would have dictated that the hearing at least be adjourned in order to allow Petitioner a full opportunity to discuss and understand the ramifications of his plea agreement with his attorney.

What transpired however was

that Petitioner was "brow beat" by Ms Browne into signing the Agreement, without review that day, or face a refusal of any plea agreement by the Government who would seek a sentence in excess of twenty-five years.

Further, despite the confusion evidenced by the statements of the Petitioner after examination by the Court (Tr. pages 13-17), his plea was still viewed as knowing and voluntary at that time.

Fed. R. Crim P. 11 Advisory committee's notes accompanying the 1983 Amendments specifically point out that "it is still true, as the Supreme Court pointed out in U.S. v McCarthy, that thoughtful and careful compliance with Rule 11 best serves the cause of fair and efficient administration of criminal justice..."

What is clear on the record is that the Court did in fact address the core concerns of Rule 11, however, what is not at all clear is whether having heard the Petitioner's responses, the Court rightly determined that the Petitioner did understand the terms of his plea agreement.

Petitioner maintains that the Court did not rightly determine his understanding of the terms of the plea agreement and that it should be determined that his plea was not voluntary nor knowing.

INEFFECTIVE COUNSEL:

Petitioner agrees that in accordance with the two prong test of Strickland v Washington, 466 U.S. 688, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional standards". However, even a strong presumption can be overcome in the face of contradictory evidence.

In the case at bar, defense counsel's most egregious behavior was in misleading the Petitioner, even up to the date of the Plea-Hearing, that despite written covenants in the plea agreement to the contrary, the Petitioner could still appeal both his prior state convictions and any sentence handed down by the Federal court in the present case.

This misstatement is clearly evidenced by Petitioner's confusion at the Plea Hearing (see. T.R. pages 13-14). Upon hearing Petitioner's confusion, defense counsel compounded his mis-deeds by not immediately moving for an adjournment of the proceeding in order to allow him to rectify this most egregious error.

Instead, defense counsel merely offered a two minute side-bar with his client, again reassuring him not to worry because counsel would still fight the prior state convictions.

If there could be one clear example of a counsel's performance "falling

below an objective standard of reasonable effectiveness as required by Strickland, this would be it.

The second prong of Strickland is to evidence that Petitioner was prejudiced as a result of his counsel's deficient performance.

In the case at bar, Petitioner maintains that but for the misstatements and false assurances of his defense counsel, he would not have considered executing the plea agreement and entering a guilty plea on January 4, 2006.

The prejudice effect was not upon Petitioner's guilt or innocence in the Federal case but rather in Petitioner's ability to overturn one if not both of the prior state convictions thereby nullifying any possible enhancements under §851, bringing the Petitioner into the sentencing range of mandatory minimums and thereby resulting in significantly lower sentencing guidelines.

For the foregoing reasons, Petitioner maintains that the Government's Response to his claim for ineffective of assistance of counsel is incorrect and that at the very least Petitioner is entitled to an evidentiary hearing at which to demonstrate the facts of this issue.

Further, Petitioner maintains that the record in the case supports his claim and that counsel's deficient performance does in point of fact, satisfy both prongs of the Strickland test for ineffective assistance of counsel.

## CONCLUSION:

(1) Petitioner's Motion under 28 U.S.C. § 2255 should be granted on the grounds that Petitioner's plea, as demonstrated by full examination of the whole of the records and transcripts of the case, was involuntary and not understood.

(2) Petitioner's Motion under 28 U.S.C § 2255 should be granted on the grounds that Petitioner's Sixth Amendment right to counsel was violated. Petitioner did not receive effective assistance of counsel in this case and as a result of said ineffective assistance, Petitioner was prejudiced by executing and accepting a plea agreement he did not understand.

Respectfully submitted,

R.V.

RICHARD VANENBURG
Pro. Se Petitioner
Fed Reg No 05619-070
F.C.I. - Fort Dix
P.O. Box 7000
Fort Dix, New Jersey 08640

# Certificate of Service

I, Richard Vanenburg, do hereby declare under penalties of perjury that the foregoing Petitioner's Reply to Governments Response is true and correct and that said Reply was placed by me in a postage paid envelope and into the required prison mailing system on February 21, 2007 to the parties listed below:

[signature]

Richard Vanenburg
Fed Reg No. 05619-070

To: United States District Court
For The District of Rhode Island

Providence, Rhode Island 02903

Stephanie S. Browne, AUSA
U.S. Attorneys Office
50 Kennedy Plaza 8th Fl.
Providence, Rhode Island 02903

Dated: February 21 2007
Ft Dix, New Jersey

Sworn to before me:

[signature]

Notary Public

JOSE L. CURBELO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 5/26/20