**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RICHARD VANENBURG**

**v.** **C.A. No. 06 - 463 ML**

**UNITED STATES OF AMERICA**

**MEMORANDUM AND ORDER**

Mary M. Lisi, Chief United States District Judge

Richard Vanenburg ("Vanenburg" or "petitioner"), *pro se*, filed a motion to vacate, set aside and/or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons hereinafter stated, Vanenburg's motion is denied.

**Background**

In May of 2005, Richard Vanenburg, a convicted felon, was arrested as he purchased two firearms, paying for the weapons with crack cocaine. A federal grand jury in the District of Rhode Island soon thereafter returned a three count indictment charging him with distribution of over 5 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(Count I), possession of two firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(Count II), and possession of two firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1)(Count III). Following the indictment, the

Government filed an information charging that Vanenburg was subject to 21 U.S.C. § 851 due to his prior drug convictions.

On or about December 30, 2005, Vanenburg signed a written Plea Agreement. Sometime prior to the plea hearing on January 5, 2006, the Government realized that it had unintentionally omitted a paragraph from the written Plea Agreement that both the Government and defense counsel had intended to be included. The omitted paragraph concerned the Government's conditional promise to move for a sentencing reduction pursuant to U.S.S.G. § 5K1.1. Accordingly, the Government prepared an Amended Plea Agreement, which mirrored the initial Plea Agreement in all respects, except for an additional new paragraph concerning the Government's conditional promise to move for a sentencing reduction pursuant to U.S.S.G. § 5K1.1. The Amended Plea Agreement was signed by Vanenburg prior to the plea hearing.

After the Court conducted a comprehensive review of the Amended Plea Agreement with Vanenburg at the plea hearing, Vanenburg pled guilty to the three count indictment. On September 7, 2006, the Court imposed a sentence of 120 months imprisonment on Counts I and III to be run concurrently with each other, and a sentence of 60 months imprisonment on Count II, to be served consecutively to the sentence imposed on Counts I and III. Vanenburg did not file a direct appeal. This motion pursuant to 28 U.S.C. § 2255 timely followed.

## § 2255 Motion

In his motion filed pursuant to 28 U.S.C. § 2255, Vanenburg asserts the following three claims for relief:

1. Ineffective Assistance of Counsel, because counsel failed to
   (a) challenge the § 851 enhancement;
   (b) pursue an entrapment defense;
   (c) review with him the Amended Plea Agreement;
   (d) supply him with discovery;
   (e) investigate the quantity of drugs seized;
   (f) review the audio/video surveillance;
   (g) research § 924(c) charge; and
   (h) put enough effort into his case;

2. His plea was not knowing and voluntary, because
   (a) he was never supplied with a copy of the Amended Plea Agreement;
   (b) he did not review the Amended Plea Agreement;
   (c) he failed to realize that the Amended Plea Agreement waived his right to appeal; and
   (d) defense counsel and the Government coerced him into signing the Amended Plea Agreement; and

3. His conviction was obtained by a coerced confession.

## Analysis

### A. Section 2255

Title 28, United States Code Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1.

Generally, the grounds justifying relief under 28 U.S.C. § 2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. United States v. Addonizio, 442 U.S. 178, 184-185 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 184-185 (internal quotation omitted).

Moreover, a motion under § 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" and "prejudice" or alternatively that he is "actually innocent" of the offense of which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998). Claims of ineffective assistance of counsel, however, are not subject to this procedural hurdle. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

**B. Ineffective Assistance of Counsel Claim**

As his first basis for relief, Vanenburg claims that his trial counsel was ineffective, and he identifies a variety of tasks that he claims counsel failed to undertake. Vanenburg alleges that counsel failed to (1) challenge the § 851 enhancement; (2) pursue an entrapment defense; (3) review the Amended Plea Agreement with him; (4) supply him with discovery; (5) investigate the quantity of

drugs; (6) review audio and video surveillance; (7) research the § 924(c) charge; and (8) put enough effort into his case. Vanenburg's claims, however, lack merit.

Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant who claims that he was deprived of his right to effective assistance of counsel must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88, 694; see also Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002). The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are fanciful, unsupported, or contradicted by the record will not suffice. Dure v. United States, 127 F. Supp.2d 276, 279 (D.R.I. 2001).

When assessing the adequacy of counsel's performance, the Court looks to prevailing professional norms. See Ramirez v. United States, 17 F. Supp.2d 63, 66 (D.R.I. 1998). A flawless performance is not required. All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances. Id. Moreover, in determining whether counsel was deficient "the court must indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance," and the defendant must overcome that presumption. Knight, 37 F.3d at 774 (quoting Strickland, 466 U.S. at 689).

When an allegation of ineffective assistance is based on counsel's purported failure to pursue a particular claim or defense, it is incumbent on the defendant to establish that the claim or defense has merit because counsel cannot be branded deficient for failing to pursue a claim or defense that lacks merit. See Arroyo v. United States, 195 F.3d 54, 55 (1st Cir. 1999). Nor can counsel be branded ineffective by failing to raise every non-frivolous claim that could be made. Smith v. Robbins, 528 U.S. 259, 288 (2000) (citing Jones v. Barnes, 463 U.S. 745, 750-54 (1983)).

Vanenburg first claims that counsel failed to challenge the § 851 enhancement, and, second, that counsel failed to pursue an entrapment defense. Section 851 of Title 21 provides for an enhancement of a sentence based upon a defendant's prior convictions. See 21 U.S.C. § 851. Here, Vanenburg had two prior drug convictions that made Section 851 applicable, and Vanenburg fails to articulate any non-frivolous basis on which counsel could have challenged the § 851 enhancement. Similarly, Vanenburg fails to provide any basis on which to sustain an entrapment defense. Effective assistance of counsel does not require counsel to engage in meaningless acts even if demanded by the client. Vanenburg must

provide some basis for concluding that a proposed course of action was well founded and could have altered the result. See Arroyo, 195 F.3d at 55.

Next, Vanenburg claims that counsel failed to review the Amended Plea Agreement with him. This claim is contradicted by the record.

During his plea colloquy, Vanenburg admitted under oath that the he and his counsel reviewed and discussed the Plea Agreement. See Change of Plea Hearing Transcript (Jan. 4, 2006), Dkt. # 33, at 6-7. The Amended Plea Agreement, presented to Vanenburg sometime prior to the plea hearing, contained only one change: one paragraph was added which pertained to a potential U.S.S.G. § 5K1.1 motion for a reduction in sentence that could have been be filed by the Government. Other than this sole addition, the Amended Plea Agreement mirrored the Plea Agreement.

At the Change of Plea hearing, the Court explained to Vanenburg that this was the only change and the Court provided Vanenburg an opportunity to review the new paragraph and the Amended Plea Agreement. In response to the Court's inquiry, Vanenburg indicated, "[i]f that's the only difference, I read the other one, so I'm all set." See Change of Plea Hearing Transcript (Jan. 4, 2006), Dkt # 33, at 8-9. Thus, there is no deficient conduct since Vanenburg was provided an opportunity to review the Amended Plea Agreement with counsel prior to entering the plea,

including the newly added paragraph contained in the Amended Plea Agreement.

Next, Vanenburg asserts that counsel failed to supply him with discovery, investigate the quantity of drugs, review audio and video surveillance, and research § 924(c). However, simply compiling a list of things counsel allegedly failed to do does not establish that counsel was deficient. A defendant must present some reason for concluding that competent counsel should have done those things. Ouimette v. United States, C.A. No. 99-489-T, slip op. at 6 (D.R.I. June 21, 2001). Vanenburg, however, fails to articulate why or how any of these tasks would have made any difference in the outcome of his case.

Finally, Vanenburg alleges that counsel did not put enough effort into his case. Once again, however, Vanenburg, fails to identify any non-frivolous task that counsel should have performed and to carry his burden to show that prejudice resulted. Accordingly, Vanenburg's ineffective assistance of counsel claims are without merit.

**C. Knowing and Voluntary Plea Claim**

As his second basis for relief, Vanenburg alleges that his plea of guilty was not knowing and voluntary. In support of this claim, Vanenburg alleges that (1) he was never supplied with a copy of the Amended Plea Agreement; (2) he did not review the Amended Plea Agreement; (3) he would not have signed the Amended Plea

Agreement had he known he was waiving his right to appeal; and (4) he was coerced into signing the Amended Plea Agreement by both the Government and defense counsel. Vanenburg's claim that his plea was not knowing and voluntary is, however, belied by the record.

Rule 11 of the Federal Rules of Criminal Procedure requires that the Court ensure that a defendant's guilty plea is knowing and voluntary, see United States v. Matos-Quinones, 456 F.3d 14, 22 (1st Cir. 2006), because, when a defendant pleads guilty, he waives several constitutional rights. For that waiver to be valid, the plea must amount to a voluntary and "intentional relinquishment or abandonment of a known right or privilege." McCarthy v. United States, 394 U.S. 459, 466 (1938).

Rule 11 has three core concerns: "(1) absence of coercion; (2) the defendant's understanding of the charges; and (3) the defendant's knowledge of the consequences of the guilty plea." United States v. Isom, 85 F.3d 831, 835 (1st Cir. 1996) quoting United States v Gray, 63 F.3d 57, 60 (1st Cir. 1995). "What is critical is the substance of what was communicated by the trial court, and what should reasonably have been understood by the defendant." United States v. Cotal-Crespo, 47 F.3d 1, 4-5 (1st Cir. 1995). Rule 11 requires that the trial court address the defendant personally in open court to ascertain that his plea is voluntary and intelligent. Id. at 5.

After a review of the plea hearing transcript, it is clear

that the Court conducted a comprehensive inquiry under Fed. R. Crim. P. 11. In response to the Court's questioning, Vanenburg confirmed that he had a high school diploma, that he pursued vocational training following high school, and that, at the time of the plea colloquy, he was not under the influence of any drug, medication, or alcoholic beverage. See Change of Plea Hearing Transcript (Jan. 4, 2006), Dkt. # 33, at 4-5. Vanenburg agreed that he had received a copy of the indictment and that he discussed the charges with his trial counsel. Id. at 5.

Vanenburg indicated that he read the Plea Agreement, but that he did not read the Amended Plea Agreement. Id. at 6-7. The Court then directed Vanenburg to the sole paragraph added to the Amended Plea Agreement. Id. at 7. Vanenburg indicated that he understood the newly added paragraph. Id. at 8-9. The Court then comprehensively addressed each paragraph in the Amended Plea Agreement with the defendant. Id. at 10 - 31. At times, Vanenburg asked both the Court and his trial counsel questions. Id. at 11, 13-15. Vanenburg indicated that he understood each and every paragraph of the Amended Plea Agreement, including the paragraph that indicated that he was giving up his right to appeal. Id. at 30-31.

Vanenburg attested at the plea hearing, under oath, that there had been no other promises or assurances made to him or to induce him to plead guilty. Id. at 31. Vanenburg further indicated that he

understood that he was charged with a felony, due to which he may be deprived of certain civil rights; that he understood the maximum penalties, and that he knew that the judge alone would determine sentence. Id. at 28-31. In response to the Court's questioning, Vanenburg indicated that he knew he had a right to a jury trial, and all of the rights incidental to such a trial. Id. at 33-35.

The Court then instructed Vanenburg to listen carefully as the Government set forth the evidence against him. Id. at 35. While Vanenburg quarreled with some of the facts alleged by the Government, he agreed that he exchanged crack cocaine for guns, and pled guilty to the charges levied in the indictment. Id. at 40-43.

Here, the Court personally addressed Vanenburg while comprehensively discussing with him all aspects of the Amended Plea Agreement. There is no question that Vanenburg understood the charges levied against him and understood the consequences of pleading guilty. Furthermore, the plea colloquy clearly indicates that there was no coercion or inducement for Vanenburg to plead guilty. Accordingly, Vanenburg's claim that his plea was not knowing and voluntary is without merit.

**D. Coerced Confession Claim**

Lastly, Vanenburg asserts that his conviction was obtained by the use of a coerced confession. Vanenburg, as already mentioned, pled guilty to the charges levied against him. No confession was used against him in any proceeding. Accordingly, this claim is

summarily rejected.

To the extent that there may be any remaining claims in his Section 2255 motion, they too are summarily rejected since they are not coherently articulated.

**Conclusion**

For the reasons stated above, Vanenburg's motion to vacate, set aside and/or correct his sentence is denied.

IT IS SO ORDERED.

Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
August 9 , 2007